FRANK HENNIS V. ALCID BOWERS *et al.*

No. 15,813.    (100 Pac. 71.)

SYLLABUS BY THE COURT.

1. PETITION—*Construction—Failure of Proof.*  As against a demurrer to the evidence of a plaintiff and the claim that it proves no cause of action set forth in the petition the pleading should be liberally construed, and if the evidence fairly tends to support any cause of action, however inartistically pleaded, the demurrer should be overruled.

2. EVIDENCE—*Joint Demurrer.*  In an action to which there are several defendants, if the petition, liberally construed, states a cause of action against all of the defendants, and the evidence fairly tends to establish such cause of action against one or more of the defendants, a demurrer by all of the defendants, jointly, to the plaintiff's evidence should not be sustained.

Error from Doniphan district court; WILLIAM I. STUART, judge.    Opinion filed February 6, 1909.    Reversed.

STATEMENT.

THE plaintiff in his amended petition alleged that the defendants, F. E. Davenport, Nora Bowers, the Doniphan County State Bank, and Alcid Bowers, entered into a conspiracy to get possession of certain personal property belonging to him and to cheat and defraud him thereby; that Alcid Bowers, acting as the agent of Davenport and the bank, unlawfully took possession of the property under a pretended mortgage to the bank and a pretended mortgage to Davenport; that the property was of the reasonable value of $270, and that Alcid Bowers, in the furtherance of the conspiracy, pretended to sell the same to his daughter, Nora Bowers, for the sum of $180; and that the defendants unlawfully neglected and refused to account to plaintiff for the value of the stock or for the $180 received from the sale.  He further alleged that there was not to exceed $126, including interest and proper costs and expenses of making the sale, due upon the

mortgages; that by reason of the premises he was actually damaged in the sum of $144, for which sum, and $100 as exemplary damages, he prayed judgment.

The defendants, other than Davenport, who was not summoned and did not appear, answered (1) by a general denial; (2) that at the time of the taking of the property the plaintiff was indebted to the bank on a note and mortgage upon the stock in the sum of $112, which was due, and that he was indebted to Davenport on another mortgage on the same stock in the sum of $48.47, and, in substance, that the sale for $180 was made in good faith and was a fair price, and that the same was applied in satisfaction of the indebtedness; (3) that at the time the property was taken the plaintiff was not the owner of it.

Plaintiff replied, admitting the agency of Alcid Bowers for Davenport and the bank and the indebtedness on the notes and mortgages, but not to the amount stated in the answer, denied all other facts alleged in the answer, and prayed for judgment as stated in his petition.

At the close of the plaintiff's evidence the answering defendants interposed a demurrer thereto, and the court sustained the same, on the ground, it is said, that the cause of action stated in the petition is based upon the alleged conspiracy and that the evidence failed to prove the conspiracy.

Judgment was rendered against the plaintiff for costs, and he complains.

*S. L. Ryan, W. F. Means,* and *C. W. Ryan,* for plaintiff in error.

*Alcid Bowers,* and *J. J. Baker,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: A demurrer to the plaintiff's evidence on a trial is not a proper proceeding to test the sufficiency of a petition, but goes only to the sufficiency of the

evidence. If the trial be to a jury, as in this case, and the pleadings, liberally construed, present any issue upon which a verdict and judgment may be based, and there is any evidence which fairly tends to support the issue in favor of the plaintiff, the demurrer should be overruled and the trial should proceed. Where there are several defendants, and the evidence does not fairly tend to support any issue upon which a judgment might be based against one or more of them, a demurrer properly presented should be sustained as to such one or more, and the trial may proceed as to the remainder. (Civ. Code, § 396.)

As against the defendant bank, Davenport and Alcid Bowers, this much, at least, was alleged in the petition: that Bowers, acting as the agent of the bank and Davenport, took possession of certain property belonging to the plaintiff, under the pretense of foreclosing two chattel mortgages, and sold, or pretended to sell, such property for the sum of $180, and neglected and refused to account to the plaintiff for the value of the stock, which plaintiff alleged was $270, or for the sum of $180, for which Bowers pretended to sell it. The plaintiff also alleged that the chattel mortgages were not due, and that the total amount remaining unpaid thereon did not exceed $126, including interest and proper expenses of sale. He further alleged that he had thereby suffered actual damages in the sum of $144, for which sum, with $100 exemplary damages, he prayed judgment. The answering defendants alleged that there was $112 due on the mortgage to the bank, and $48.47 due to Davenport, and also alleged that they had sold the property to Nora Bowers for the sum of $180. The defendants did not offer to account for the balance of $19.53, but, on the other hand, denied the plaintiff's ownership of the stock. The reply was a general denial.

On the trial there was evidence tending to support

30—79 KAN.

Gas Co. v. Altoona.

the allegations of the petition. If the jury had found that the plaintiff was the owner of the property he would have been, under the answer alone, entitled to a verdict and a small judgment. The evidence was conflicting as to whether there was anything due on the mortgages at the time the property was taken, and as to whether the plaintiff offered to pay the amount claimed before the property was actually sold, which, of course, he had a right to do.

It is true the plaintiff pleaded a conspiracy among all of the defendants—including Davenport, who was not summoned—to get possession of his property and cheat him; but, as we have seen, there was a cause of action stated as to some, at least, of the defendants, which did not depend upon the alleged conspiracy, and there was some evidence in support of this cause of action. The issue should have been submitted to the jury under proper instructions.

The judgment is reversed and the cause remanded for a new trial.